IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DENNIS L. ESTES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § CIVIL ACTION NO. 4:11-cv-2335 | |
| STERLING BANK, CHERNOSKY, § | |
| SMITH, RESSLING & SMITH, PPLC, § | |
| RAYMOND NAUDIN and § | |
| MICHAEL SMITH, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is Defendants Sterling Bank's and Raymond Naudain's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and 9(b), or Alternatively, Motion for Summary Judgment Under Fed. R. Civ. P. 56 ("Motion to Dismiss"). (Doc. No. 8.) Dennis L. Estes ("Estes") brought this lawsuit against Sterling Bank, Chernosky, Smith, Resling, & Smith, PLLC ("the Firm"), Raymond Naudain ("Naudain"), and Michael Smith ("Smith"), alleging fraud and violations of the Racketeer Influenced and Corrupt Organization Act ("RICO") and the Texas Debt Collection Act ("TDCA"). Estes seeks over $400,000 in damages, prejudgment and postjudgment interest, reimbursement for costs of suit, and attorneys' fees. This Court had previously dismissed Estes' claims against the Firm and Smith.

Naudain and Sterling Bank seek dismissal of Estes' claims against them on the following grounds:

1. All of Estes' claims are predicated on an oral loan modification agreement, which is unenforceable under Texas law;
2. The predicate acts Estes complains of under RICO were privileged and justified under Texas law and the written loan agreements;
3. The loans at issue are commercial loans, to which the TDCA does not apply;
4. Estes does not plead fraud with particularity; and
5. There is no statutory or common law ground permitting recovery of attorneys' fees by a *pro se* plaintiff.

Under the Texas statute of frauds, a loan agreement in which the amount involved exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative. Tex. Bus. & Com. Code. § 26.02(b). *See also BACM 2001-1 San Felipe Road Ltd. Partnership v. Trafalgar Holdings I, Ltd.*, 218 S.W.3d 137, 144 (Tex. App.-Houston [14 Dist.] 2007) ("To satisfy the Statute of Frauds, all loan agreements involving amounts exceeding $50,000 must be in writing."); *In re Absolute Resources Corp.*, 76 F.Supp.2d 723, 733 (N.D. Tex. 1999) ("As an initial matter, the Court notes that the Texas statute of frauds requires agreements to loan money to be in writing to be enforceable."). In his Complaint, Estes refers to "the Modification," but does not explain whether the Modification was in writing. (Doc. No. 1, Complaint ¶ 9.)

In his Response to the Motion to Dismiss, Estes requests, in the alternative, leave to amend his Complaint. The Court therefore grants Estes the opportunity to amend his

2

Complaint so as to address all of the objections raised in the Motion to Dismiss. Estes is hereby ordered to file his Amended Complaint by December 12, 2011. The Motion to Dismiss is **DENIED** without prejudice to refiling after Estes files his Amended Complaint.

    **IT IS SO ORDERED.**

    **SIGNED** at Houston, Texas on this the 21st day of November, 2011.

                                                       **KEITH P. ELLISON**
                                                       **UNITED STATES DISTRICT JUDGE**